UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ORBIN B. HARRIS,

    Plaintiff,

v.                                                                           Case No. 11-CV-872

SUPERINTENDENT MILWAUKEE COUNTY CORRECTIONAL FACILITY - SOUTH,
D. SALSBURY, and
DAVID A. CLARKE, JR.,

    Defendants.

## ORDER

Plaintiff, Orbin B. Harris, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's motion for leave to proceed in forma pauperis, his motion for order directing payment of initial partial filing fee from plaintiff's prison release account, and for screening of plaintiff's complaint.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $52.12. I will grant plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff filed a motion for order directing payment of initial partial filing fee from plaintiff's prison release account, but subsequently paid the initial partial filing fee. Because his initial partial filing fee has been paid, this motion is moot.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal

2

conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was criminally charged with intimidation of a witness in Milwaukee County Case Number 08-CF-4359. On September 2, 2008, while plaintiff was a pretrial detainee at the Milwaukee County Correctional Facility - South, a Milwaukee County judge entered an order directing that plaintiff have no contact, by telephone, visitation, or mail, with the alleged victim in the witness intimidation case.

When the Superintendent of the correctional facility and D. Salsbury received the order, they placed plaintiff in punitive segregation. Plaintiff was given no opportunity to be heard in opposition to his placement in punitive segregation, and he remained there for seven months. He was not able to correspond with his family or his attorney because he was not allowed to purchase postage. He also was denied outdoor exercise, law library access, newspapers and other publications, and all visitation rights. Plaintiff acknowledges defendants' need to enforce the no contact order, but he alleges that they extended the breadth of the order and applied it in an unconstitutional manner. He asserts that his

3

placement in punitive segregation constituted punishment and was foisted upon him without due process of law.

"[A]lthough being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process, a number of cases . . . consider any nontrivial punishment of a person not yet convicted a sufficient deprivation of liberty to entitle him to due process of law." Holly v. Woolfolk, 415 F.3d 678, 679-80 (7th Cir. 2005) (internal citations omitted). In Holly, the Seventh Circuit Court of Appeals affirmed the dismissal of a complaint where a pretrial detainee was placed in segregation for two days without a prior hearing. Id. at 680-81. However, in doing so, the court acknowledged cases in which a hearing was required, but where the pretrial detainee had been in segregation far longer than two days. Id. at 681 (citing Higgs v. Carver, 286 F.3d 437 (7th Cir. 2002); Rapier v. Harris, 172 F.3d 999, 1002-05 (7th Cir. 1999)).

According to plaintiff, he was a pretrial detainee who was placed in punitive segregation for seven months without any due process. At this stage, plaintiff may proceed on a Fourteenth Amendment Due Process claim against defendant Salsbury and the unidentified defendant who was Superintendent of the Milwaukee County Correctional Facility - South when plaintiff was placed in segregation.

Plaintiff also contends that his placement in segregation violated: (1) his First Amendment rights because he was unable to correspond with his family; (2) his First Amendment rights because he was deprived of newspapers and other publications; (3) his rights under the First and Sixth Amendments because he could not purchase postage and, as a result, could not correspond with his attorney; (4) his rights under the Eighth and Fourteenth Amendments because he was denied all outdoor exercise for seven months; and

4

(5) his right to access the courts because he had no access to the law library for seven months.

Plaintiff's first three claims implicate his First Amendment rights, and he will be allowed to proceed on those claims against defendants Salsbury and the Superintendent. I also will allow plaintiff to proceed on a conditions of confinement claim under the Fourteenth Amendment against the same defendants regarding the denial of outdoor exercise.

However, I will not allow plaintiff to proceed on an access to the courts claim. "[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003). Plaintiff has not identified any harm he suffered in any active case due to his inability to access the law library.

Plaintiff will have to use discovery to determine the identity of the Superintendent and ask the court to substitute a name for Superintendent. If plaintiff is unable to identify the Superintendent, his claims against that individual may be subject to dismissal.

Plaintiff has not stated a claim against Sheriff David A. Clarke, Jr. Government officials may not be held liable under § 1983 for unconstitutional conduct of their subordinates under theory of respondeat superior; because vicarious liability is inapplicable, plaintiff must plead that each government official-defendant, through his or her own actions, has violated the Constitution. Iqbal, 556 U.S. 662, 129 S. Ct. at 1948. Plaintiff has made no allegations of personal involvement by Sheriff Clarke.

Therefore,

5

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order directing payment of initial partial filing fee from plaintiff's prison release account (Docket #7) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that David A. Clarke, Jr. is DISMISSED as a defendant in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant Salsbury pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $297.88 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of December 2011.

    s/_____
LYNN ADELMAN
District Judge