**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**ORBIN B. HARRIS,**

    **Plaintiff,**

    v.                                                       **Case No. 11-CV-872**

**SUPERINTENDENT MILWAUKEE COUNTY**
**CORRECTIONAL FACILITY - SOUTH,**
**D. SALSBURY, and**
**DAVID A. CLARKE, JR.,**

    **Defendants.**

## ORDER

Now before me is plaintiff's motion for a court order directing Milwaukee County Sheriff David A. Clarke, Jr. to respond to interrogatories and requests for production of documents. Plaintiff also filed his discovery requests with the court.

In an order dated December 19, 2011, I granted plaintiff's motion for leave to proceed in forma pauperis and allowed plaintiff to proceed on claims against defendant D. Salsbury and an unnamed defendant who is identified as the superintendent of the Milwaukee County Correctional Facility - South. I dismissed Sheriff Clarke as a defendant because plaintiff did not state a claim against him. Also as part of the screening order, I directed the plaintiff to use discovery to determine the identity of the Superintendent of the Milwaukee County Correctional Facility - South.

In his motion, plaintiff asserts that the Milwaukee County Correctional Facility - South is under the jurisdiction and control of Sheriff Clarke and thus Sheriff Clarke possesses the name of the superintendent at the relevant time. Plaintiff acknowledges that D. Salsbury is also an employee of Milwaukee County and likely will be represented by the corporation counsel's office in this matter. However, plaintiff indicates that he does not have the name

and address of the corporation counsel who will be working on this case. Plaintiff maintains that his "only recourse in discovering the identity of the Superintendent of the Milwaukee County Correctional Facility - South is through Sheriff David A Clarke." (Plaintiff's Motion, p. 3). This is not the case.

I applaud plaintiff's diligence and eagerness to comply with my order. However, his motion is premature. The United States Marshal is in the process of serving defendant Salsbury with the complaint. Once defendant Salsbury is served, counsel will file an answer or otherwise respond to plaintiff's complaint on her behalf. Once counsel has made an appearance for defendant Salsbury, plaintiff may serve counsel with his interrogatories and requests for production of document. Additionally, after an answer has been filed, I will enter a scheduling order providing ample time for discovery and a deadline for the amendment of pleadings. There is no need to involve a non-party at this early stage in the litigation. Therefore,

**IT IS ORDERED** that plaintiff's motion for court order (Docket #12) is **DENIED as premature**.

Dated at Milwaukee, Wisconsin, this 12th day of January 2012.

s/_____
LYNN ADELMAN
District Judge