# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ORBIN B. HARRIS,**
        **Plaintiff,**

    v.                                    Case No. 11-CV-00872

**RODNEY K. MALONE, D. SALSBURY,**
**and DAVID A. CLARKE, JR.,**
        **Defendants.**

## DECISION AND ORDER

Now before me are a notice of amended complaint and amended complaint filed by plaintiff and defendants' motion to strike the amended complaint as it relates to Sheriff David A. Clarke, Jr.

In his notice of amended complaint, plaintiff cites Federal Rule of Civil Procedure 15, refers to an amendment as a matter of right, and asserts that he does not need leave to amend at this time. In the proposed amended complaint, the plaintiff adds the name of the Superintendent, Rodney K. Malone; includes information regarding the personal involvement of Sheriff Clarke; names each defendant in his or her official capacity; and increases his monetary demands.

Although defendants object to the timing of the amended complaint and maintain plaintiff does not have a right to amend under Rule 15, plaintiff filed his amended complaint more than a month before defendants filed their answer and defendants suffer no prejudice from the amendment. I will allow plaintiff's amended complaint and screen it. See 28 U.S.C. § 1915A.

Defendants have moved to strike plaintiff's amended complaint as it relates to Sheriff Clarke. They argue that a court can still deny an amended complaint if it fails to remedy deficiencies contained in the original pleading and is vulnerable to a motion to dismiss. Defendants maintain that the proposed amended complaint is remarkably similar to the old one and does not allege how Sheriff Clarke, though his own actions, violated plaintiff's rights. I will deny defendants' motion to strike because plaintiff has alleged personal involvement by Sheriff Clarke. Plaintiff asserts Sheriff Clarke took over the operation of the Milwaukee County Correctional Facility-South in December 2008. Although plaintiff has not gone into great detail, he asserts that Sheriff Clarke "personally chose to keep the plaintiff subject[ed] to the same arbitrary and excessive restrain[t]s" and, later, "took it upon himself to defy the court's order to lift said restrain[t]s" and "refused to take the plaintiff out of punitive administrative confinement and release him back into general population." (Am. Compl., 5, 8.) This language implies individual action (or inaction) by Sheriff Clarke and is sufficient at this stage.

Plaintiff has set forth Fourteenth Amendment claims against all three defendants in their individual capacities with regard to the plaintiff's placement in punitive segregation without due process of law. He also may proceed on individual capacity claims against each defendant that his placement in segregation violated: (1) his First Amendment right to correspond with his family; (2) his First Amendment right to read newspapers and other publications; (3) his rights under the First Amendment to use the mail and correspond with his attorney; and (4) his rights under the Fourteenth Amendment regarding his conditions of confinement and the denial of all outdoor exercise for seven months.

However, plaintiff does not suggest that any of the harm he suffered was the result of a formal or informal policy or custom of the Milwaukee County Correctional Facility - South. Therefore, he will be allowed to proceed on his claims against the defendants in their individual capacities only. See Grieveson v. Anderson, 538 F.3d 763, 771 (7th Cir. 2008) (governmental entities cannot be held liable under § 1983 for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy).

A plaintiff's claims against the sheriff or other employees in their official capacities are treated as claims against the County itself. Id. Municipal liability is limited to action for which the municipality is actually responsible. Id.

Defendants have already filed an answer to plaintiff's amended complaint so none is required. To move this case forward, I will issue a separate scheduling order.

**THEREFORE, IT IS ORDERED** that defendants' motion to strike Amended Complaint as it relates to Sheriff David A. Clarke, Jr. [DOCKET #20] is **DENIED**.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 14th day of March 2012.

s/_____
LYNN ADELMAN
District Judge

3

Case 2:11-cv-00872-LA   Filed 03/14/12   Page 3 of 3   Document 25